UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Oscar T. Brookins, individually and as the representative of a class of similarly situated persons, and on behalf of the Northeastern University Retirement Plan,<br><br>             Plaintiff,<br>v.<br><br>NORTHEASTERN UNIVERSITY; NORTHEASTERN UNIVERSITY 403(b) INVESTMENT COMMITTEE; and JOHN and JANE DOES 1-10,<br><br>             Defendants. | No. 1:22-cv-11053-RWZ<br><br>(leave to file granted 9/19/23) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiff's Complaint (Dkt. 23 ("Mot.")) and their Reply in Support of Their Motion to Dismiss (Dkt. 26 ("Reply")).

Attached as Exhibit 1 is the Tenth Circuit Court of Appeals' decision in *Matney v. Barrick Gold of North America*, No. 22-4045, 2023 WL 5731996, -- F.4th -- (10th Cir. Sept. 6, 2023). In *Matney*, the Tenth Circuit, agreeing with every other Circuit Court of Appeals that has ruled on the issue (*i.e.*, the Sixth, Seventh and Eighth Circuits), held that, to allege a plausible imprudence claim under ERISA, the plaintiff: (a) has the burden of alleging a "meaningful benchmark;" and (b) the court should review the alleged benchmark at the motion to dismiss stage to ascertain whether: (i) plaintiff's alternative investment benchmark has similar investment strategies, objectives and risk profiles to the challenged funds; and (ii) the recordkeeping services rendered to the comparator plans identified as a benchmark are similar to the services rendered to the plan at issue.  *Id.* at *6-8.

*Matney* supports Defendants' argument that Mr. Brookins's recordkeeping fee claim should be dismissed because he not only failed to allege the level and quality of recordkeeping services that the Plan received, but also failed to allege the level and quality of services received by the retirement plans to which he compared the Plan.  (*Matney*, 2023 WL 5731996, at *14; Mot. at 9; Reply at 4).  The Tenth Circuit rejected the plaintiff's reliance on the "401k Averages Book" because, just like Mr. Brookins and his citation to a NEPC study, the plaintiff failed to include any information about the recordkeeping services provided to the plans analyzed in the book.  (*Matney*, 2023 WL 5731996, at *15-16; Mot. at 8-9; Reply at 4 fn.3).  As to the recordkeeping claim, the Tenth Circuit further concluded that an alleged failure to regularly conduct RFPs or otherwise solicit quotes for recordkeeping service does not raise a plausible inference of imprudence, which

is another position that Mr. Brookins improperly advanced. (*Matney*, 2023 WL 5731996, at *14; Mot. at 9-10; Reply at 4-5).

*Matney* also supports Defendants' arguments that Mr. Brookins' claims relating to the TIAA Real Estate Account and the CREF Stock Account should be dismissed. As to the TIAA Real Estate Account, the Tenth Circuit – like the other courts cited in Defendants' motion – rejected the use of an ICI study as a meaningful benchmark when, as here, the plaintiff's complaint does not describe how the funds used in the ICI study compare to the investment option at issue, here, the TIAA Real Estate Account. (*Matney*, 2023 WL 5731996, at *15-16; Mot. at 12; Reply at 8-9). Finally, the Tenth Circuit dismissed claims challenging the investment performance of certain investment options because the plaintiff failed to identify as benchmarks alternative investments that have similar investment strategies, objectives, and risk profiles to the challenged funds, which is the same deficiency with Mr. Brookins's CREF Stock Account claims. (*Matney*, 2023 WL 5731996, at *11-13; Mot. at 15-16; Reply at 6-8).

| | |
|---|---|
| Dated: September 19, 2023 | Respectfully submitted, |
| /s/ Ian C. Taylor | /s/ Michael J. Prame |
| Ian C. Taylor (admitted *pro hac vice*) | Michael J. Prame (admitted *pro hac vice*) |
| Jennifer K. Squillario (admitted *pro hac vice*) | Edward J. Meehan (admitted *pro hac vice*) |
| **NIXON PEABODY LLP** | **GROOM LAW GROUP, CHARTERED** |
| 799 9th Street NW, Suite 500 | 1701 Pennsylvania Ave., NW, Suite 1200 |
| Washington, DC 20001-5327 | Washington, DC 20006 |
| Tel: (202) 585-8000 | Tel: (202) 861-6633 |
| itaylor@nixonpeabody.com | Fax: (202) 659-4503 |
| jsquillario@nixonpeabody.com | mjp@groom.com |
| | emeehan@groom.com |
| Joshua Sharp (BBO No. 681439) | |
| **NIXON PEABODY LLP** | |
| Exchange Place | |
| 53 State Street | *Counsel for Defendants* |
| Boston, MA 02109-2835 | |
| Tel: (617) 345-1000 | |
| jsharp@nixonpeabody.com | |