UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Oscar T. Brookins, individually and as the representative of a class of similarly situated persons, and on behalf of the Northeastern University Retirement Plan,<br><br>      Plaintiff,<br>v.<br><br>NORTHEASTERN UNIVERSITY; NORTHEASTERN UNIVERSITY 403(b) INVESTMENT COMMITTEE; and JOHN and JANE DOES 1-10,<br><br>      Defendants. | No. 1:22-cv-11053-NMG<br><br>(leave to file granted 12/6/23) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In support of their Motion to Dismiss (Dkt. Nos. 22, 23), Defendants respectfully submit this Notice of Supplemental Authority on the Second Circuit's attached decision in *Cunningham v. Cornell Univ.*, No. 21-114-CV, 2023 WL 7504142, 86 F.4th 961 (2d Cir. Nov. 14, 2023).

The Second Circuit's decision further supports Defendants' arguments for dismissing Mr. Brookins' recordkeeping claims. In dismissing analogous ERISA-based prohibited transaction claims based on purportedly excessive recordkeeping fees, the Second Circuit held that, at the motion to dismiss stage, "it is not enough to allege that the fees were higher than some theoretical alternative services" and that a plaintiff must instead "allege . . . facts going to the relative quality of the recordkeeping services provided" because "[w]hether fees are excessive or not is relative 'to the services rendered.'" *Id.* at *10. *See also Smith v. CommonSpirit Health*, 37 F.4th 1160, 1169 (6th Cir. 2022) (dismissing claim because plaintiff failed to allege that fees were excessive relative to services rendered); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 579-80 (7th Cir. 2022), *reh'g denied*, No. 21-2789, 2022 WL 4372363 (7th Cir. Sept. 21, 2022) (dismissing claim because the

1

complaint did not include allegations regarding the quality or type of recordkeeping services provided); *Matney v. Barrick Gold of North America*, 80 F.4th 1136, 1157-58 (10th Cir. Sept. 6, 2023) (dismissing claim because plaintiff did not allege facts about the level and quality of recordkeeping services relative to the fees). As discussed in prior briefing, Mr. Brookins' Complaint does not meet this pleading standard.[1]

Dated: December 20, 2023

| | |
|---|---|
| */s/ Ian C. Taylor* | */s/ Michael J. Prame* |
| Ian C. Taylor (admitted *pro hac vice*) | Michael J. Prame (admitted *pro hac vice*) |
| Jennifer K. Squillario (admitted *pro hac vice*) | Edward J. Meehan (admitted *pro hac vice*) |
| **NIXON PEABODY LLP** | **GROOM LAW GROUP, CHARTERED** |
| 799 9th Street NW, Suite 500 | 1701 Pennsylvania Ave., NW, Suite 1200 |
| Washington, DC 20001-5327 | Washington, DC 20006 |
| Tel: (202) 585-8000 | Tel: (202) 861-6633 |
| itaylor@nixonpeabody.com | Fax: (202) 659-4503 |
| jsquillario@nixonpeabody.com | mjp@groom.com |
| | emeehan@groom.com |

Joshua Sharp (BBO No. 681439)
**NIXON PEABODY LLP**
Exchange Place
53 State Street
Boston, MA 02109-2835
Tel: (617) 345-1000
jsharpe@nixonpeabody.com

*Counsel for Defendants*

---

[1] In their motion to dismiss, Defendants argued that the Complaint lacked factual allegations regarding the level and quality of recordkeeping services the Plan received. *See* Dkt. No. 23 at 6 ("[Mr. Brookins] fails to include any allegations about the level of recordkeeping services provided to the Plan or any comparable plans"). Mr. Brookins did not substantively respond to the argument. *See* Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 25) at 13 fn. 10 (stating only that "Defendants' argument requiring details about the 'level and quality' of the recordkeeper's services and 'the services received by comparable plans' … invites a fact inquiry. In any case, the Complaint alleges the recordkeeping marketplace is competitive with many entities providing the same services at little cost."). Therefore, Mr. Brookins effectively conceded this point. *See* Defendants' Reply to Plaintiff's Opposition (Dkt. No. 26), at 4.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2023, a true copy of the foregoing document was filed through the CM/ECF system, and that a true copy of the document will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

                                                */s/ Joshua Sharp*
                                                Joshua Sharp